MARIO JULIÁ, Appellant, *v.* RICARDO ÁGUILA, Respondent.

No. 2. Argued May 18, 1936.—Decided November 18, 1936.

C. H. Juliá for appellant. Susoni, Jr. & Defendini for respondent.

Mr. Justice Wolf delivered the opinion of the Court.

The appellant, an employer, seeks a revision of a judgment against him. The employee moves to dismiss on two grounds.

1. That the appeal comes too late. In this regard we have been unable to follow the argument, although appellee may be right.

2. The second ground was that there was no question of law involved and we are inclined to agree, as will appear in our discussion of the case on its merits.

Going thereto the idea of the appellant was that the accident was excluded from the field of recovery. The law provides that hernia from which appellee suffered, must not be the mere result of an effort (esfuerzo). The appellee was working in the clinic of Dr. Juliá, was assaulted suddenly by a crazy patient, injured, and according to the appellee had an attack of hernia. The injury then, to our minds, did not proceed solely from an effort. That the hernia was not discovered immediately, or that the workman made no complaint for some time, go to the merits, raise questions of fact and involve no question of law.

While the case might be dismissed on the first ground, we prefer to affirm the order appealed from.

Mr. Chief Justice Del Toro took no part in the decision of this case.

██ This is a motion for reconsideration wherein the appellant, as we see it, merely objects to the interpretation given by the Industrial Commission to that part of paragraph 3 of Section 3 of Act No. 45 (Laws of 1935, p. 262) which reads:

"*And provided, further*, that in cases of hernia as the result of an accident suffered in the course of work and as a consequence thereof, it shall be proved to the satisfaction of the Manager—

"(*a*) That an accident, other than mere strain, causing or aggravating the hernia occurred;

"(*b*) That the hernia appeared in either of these two forms immediately after the accident and as a result thereof."

The specific objection is with reference to the meaning of a subparagraph (*b*), *supra*. In our opinion, the two forms to which that provision applies necessarily must be the accident that either causes or aggravates the hernia. Therefore, the only possible question of law that is involved in the case has now been decided by us, if such a decision is **necessary**. All other matters involved are questions of fact including whether or not the hernia appeared immediately. It has been repeatedly held that a word like "immediately" must always be given a reasonable interpretation.

██ Though the interpretation given by the Industrial Commission differs from ours, nothing that the appellant suggests as a question of law could possibly affect the decision sought to be reviewed.

The reconsideration will be denied.

Mr. Chief Justice Del Toró took no part in the decision of this case.